IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE HERRERA | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-21 |
| WARDEN, RUFUS H. DUNCAN GERIATRIC FACILITY | § | |

## MEMORANDUM ORDER

Pending before this Court is Petitioner's Motion to Alter or Amend Judgment filed November 16, 2018 (docket entry no. 9). Petitioner requests that the Memorandum Opinion and Final Judgment entered October 18, 2018 be vacated (docket entry nos. 7 & 8).

### Background

On March 5, 2018, the Magistrate Judge to whom this case was referred entered a Report and Recommendation, recommending the petition for writ of habeas corpus be dismissed (docket entry no. 2). Petitioner filed Objections to the Report and Recommendation on August 22, 2018 (docket entry no. 6). After considering the objections, this Court entered a Memorandum Opinion and Order Overruling the Objections on October 18, 2018 (docket entry no. 7). A Final Judgment was entered the same day (docket entry no. 8).

### Discussion

Petitioner filed a Motion to Alter or Amend Judgment. As the motion was filed within 28 days of entry of judgment, the motion is construed as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e).

A motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "calls into question the correctness of the judgment" and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *See Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TransTexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)); *see also Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). District

Courts have been given considerable discretion over whether to grant or deny a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Moreover, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Rosenzqeig v. Azurix Corp*. 332 F.3d 854, 63-64 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d 479.

Petitioner re-urges the same arguments as presented in his Objections to the Report and Recommendation of the Magistrate Judge. As this Court previously stated in its Memorandum Order, Petitioner cannot contest a state court conviction in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Nor does this Court have authority to make some determination regarding actions or inactions taken by the Fifth Circuit Court of Appeals. Petitioner has demonstrated neither a manifest error of law or fact nor presented newly discovered evidence. It is, therefore,

**ORDERED** that Petitioner's Motion to Alter or Amend Judgment (docket entry no. 9) is **DENIED**.

So **ORDERED** and **SIGNED** November 20, 2018.

_____
Ron Clark, Senior District Judge